NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BINOD PAUDEL, | No. 17-73169 |
| Petitioner, | Agency No. A209-876-534 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2022**
San Francisco, California

Before: CLIFTON and M. SMITH, Circuit Judges, and REISS,*** District Judge.

Petitioner Binod Paudel, a native and citizen of Nepal, petitions for review

of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Christina Reiss, United States District Judge for the District of Vermont, sitting by designation.

of the Immigration Judge's (IJ) decision (1) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) and (2) denying his request for a continuance of his removal hearing. We have jurisdiction to review the BIA's final order of removal pursuant to 8 U.S.C. § 1252. We review the BIA's "legal conclusions de novo and its factual findings for substantial evidence." *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019) (quoting *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc)). We review the denial of a continuance for abuse of discretion. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009).

**1.** Substantial evidence supports the BIA's determination that Petitioner was not eligible for asylum. "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). "One way to satisfy this burden is by showing past persecution, which gives rise to a rebuttable presumption of future persecution." *Id.* at 1060. In this case, Petitioner claimed to be persecuted because of his membership in the Nepali Congress Party.

The IJ provided "specific and cogent reasons" for finding Petitioner's accounts of past persecution and fear of future persecution not credible, including

2

inconsistencies and omissions in his evidence and his evasive and nonresponsive testimony. *See Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) ("We afford a 'healthy measure of deference to agency credibility determinations,' mindful that 'IJs are in the best position to assess demeanor and other credibility cues that we cannot readily access on review.'" (alteration omitted) (quoting *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010))).

Even if Petitioner's testimony and evidence were fully credited, the BIA properly found that the instances of assault and attempted assault by Maoists did not rise to the level of persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1020 (9th Cir. 2006) (holding that being "detained and beaten on only one occasion" which "did not require medical treatment" or lead to "adverse employment consequences" did not compel a finding of persecution). These alleged assaults were not "committed by the government, or by forces that the government was unable or unwilling to control." *Bringas-Rodriguez*, 850 F.3d at 1062 (quoting *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010)). The 2016 Nepal Human Rights Report relied on by Petitioner noted that the Maoist insurgency in Nepal ended years before Petitioner's alleged persecution and does not mention any government or police failure to investigate or control Maoist violence.

Substantial evidence also supports the BIA's determination that Petitioner's fear of future persecution was not well-founded. Petitioner returned to Nepal after

3

his alleged persecution and his family members continue to reside in Nepal unharmed. *See Boer-Sedano v. Gonzales*, 418 F.3d 1082, 1091 (9th Cir. 2005) (holding that "return trips can be considered as one factor, among others," in determining whether a petitioner has "a well-founded fear of persecution"); *Lim v. I.N.S.*, 224 F.3d 929, 935 (9th Cir. 2000) ("This court has allowed ongoing family safety to mitigate a well-founded fear, particularly where the family is similarly situated to the applicant and thus presumably subject to similar risk."). Moreover, Petitioner, on two separate occasions, relocated within Nepal to Kathmandu where he was not harmed. *See* 8 C.F.R. § 1208.13(b)(2)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . , if under all the circumstances it would be reasonable to expect the applicant to do so.").

2.      Because substantial evidence supports the BIA's finding that Petitioner failed to establish eligibility for asylum, substantial evidence also supports the BIA's finding that he failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006); *Sowe v. Mukasey*, 538 F.3d 1281, 1288 (9th Cir. 2008).

3.      In order to qualify for deferral of removal under CAT, an applicant must prove that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). "Torture is an

4

extreme form of cruel and inhuman treatment that either (1) is not lawfully sanctioned by that country or (2) is lawfully sanctioned by that country, but defeats the object and purpose of CAT." *Mairena v. Barr*, 917 F.3d 1119, 1125 (9th Cir. 2019) (citation omitted). Torture must be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R § 1208.18(a)(1). For the same reasons Petitioner's asylum claim failed, he has failed to establish a likelihood of torture and official acquiescence under CAT.

**4.**     The BIA held that the IJ did not abuse his discretion or violate Petitioner's due process rights in denying Petitioner's request for a continuance to obtain corroborating evidence. We agree. An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. Plaintiff represented to the IJ that the documents he sought were at his parents' home, but he had not attempted to obtain them despite several continuances. Petitioner claimed the only person who could find and send the documents was his brother, who was allegedly in hiding. Petitioner could provide no timeline for when, if ever, the documents would be obtained. The IJ properly found, and the BIA properly affirmed, that Plaintiff had failed to show good cause for a continuance. We find no abuse of discretion or due process violation in these determinations. *See Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010).

5

**PETITION DENIED.**